UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

In re:

RICHARD BENHAM                                                      Chapter 7
                                                                              Case No. 07-40498
        Debtors

_____

RHONDA BERNAL,

        Plaintiff
                                                                              Adversary Proceeding
v.                                                                             Case No. 07-04069

RICHARD BENHAM,

        Defendant

_____

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY**

**JUDGMENT**

      This matter came before the Court on the Plaintiff's Motion for Summary Judgment (Docket # 14), the Defendant's Motion in Opposition thereto (Docket # 22) and the Plaintiff's Opposition and Response to the Defendant's Motion in Opposition (Docket # 25). The Plaintiff seeks summary judgment on Count I of her Complaint (Docket #1), which seeks to exempt from discharge a judgment of the Worcester County Housing Court against the Defendant and in favor of the Plaintiff. The Judgment is based on violations of the Massachusetts Anti-Discrimination Act in the form of discriminatory rental practices. The Plaintiff argues that the violations constitute a "willful and

malicious injury by the debtor to another entity or the property another" and therefore are exempt from discharge pursuant to 11 U.S.C. § 523(a)(6).

**FACTS**

The parties agree that there are no genuine issues of material fact in dispute. On January 2, 2007, the Plaintiff was awarded a judgment against the Defendant in Worcester County Housing Court for violations of the Massachusetts Anti-Discrimination Act. The verdict sheet attached as Exhibit B to the Complaint shows that the jury in the housing court case found that the Defendant violated sections 4(10) and 4(7B) of the Act and a judgment entered to that effect.

Section 4(10) provides that it is an unlawful practice "for any person furnishing…rental accommodations to discriminate against any individual who is a recipient of federal, state or local public assistance…or who is a tenant receiving federal, state or local housing subsidies, including rental assistance or rental supplements, because the individual is such a recipient." Mass. Gen. Laws ch. 151B, § 4(10). The jury found that the Defendant violated this section by "discriminating against [the Plaintiff] because she was a recipient of Section 8 rental assistance." (Verdict Sheet ¶ 1). Section 4(7B) provides that it is an unlawful practice "for any person to make…[a] statement…with respect to the sale or rental of multiple dwelling…or other covered housing accommodations…that indicates any preference, limitation, or discrimination based on…public assistance recipiency." Mass. Gen. Laws ch. 151B, § 4(7B). The jury found that the Defendant violated this section by "making a statement indicating a preference not to rent to recipients of Section 8 rental assistance." (Verdict Sheet ¶ 2). The jury did not award the Plaintiff any compensatory damages, but did award $5,000.00

2

in punitive damages. (Verdict Sheet ¶¶ 4-6). The judge modified the award in his judgment and ordered that in addition to the punitive damages the Plaintiff recover $1.00 in compensatory damages as well as attorney fees and costs. The judgment is now final.

**POSITIONS OF THE PARTIES**

It is the Plaintiff's position that the housing court's judgment establishes, as a matter of law, that the Defendant's debt to the Plaintiff is for a willful and malicious injury and is therefore nondischargeable. The Defendant challenges the Plaintiff's legal conclusions on a number of grounds. First, the Defendant argues that because the jury awarded no compensatory damages on the verdict slip, the award of punitive damages was not allowed under Massachusetts law. Second, the Defendant challenges the award of attorney's fees based on the fact that the Plaintiff was represented by the Legal Assistance Corp. of Central Massachusetts, which did not charge the Plaintiff for its services. Third, the Defendant asserts that the amount of the judgment attributable to attorney fees is not nondischargeable under the Bankruptcy Code. Finally, the Defendant claims that the housing court judgment does not establish that the Defendant acted willfully and maliciously within the meaning of 11 U.S.C. § 523(a)(6).

**DISCUSSION**

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.

Although the Defendant's first two arguments appear to be contrary to Massachusetts law, they can be disposed of by resort to the *Rooker-Feldman* doctrine.

3

The *Rooker-Feldman* doctrine "divests any lower federal court of jurisdiction to act as a "super-appeals" court for a state court determination; only the Supreme Court has such authority." *In re Zambre*, 306 B.R. 428, 431 (Bankr. D. Mass. 2004) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). A lower federal court does not have jurisdiction over a claim if "the relief requested would effectively reverse the state court decision or void its ruling." *Zambre*, 306 B.R. at 432 (quoting *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1065 (8th Cir. 1997)). A bankruptcy court may, however, determine whether a debt arising from a state court judgment is dischargeable without reviewing merits the underlying state court judgment. *Zambre*, 306 B.R. at 432 n.6. Pursuant to the *Rooker-Feldman* doctrine, this Court is precluded from examining whether the housing court judge's award of $1.00 in compensatory damages, when the jury awarded no compensatory damages, violated Massachusetts law. For the same reason, this Court may not examine the validity of judge's award of attorney fees despite the fact that Plaintiff's counsel undertook the case without compensation.

Defendant cites no authority for his assertion that "Plaintiff's attorney fees are not willful or wanton behavior protected by the United States Bankruptcy Code as nondischargeable." (Defendant's Motion in Opposition ¶ 2). It is the debt, not the attorney fees related to that debt, that must be for willful or maliciously injury in order to be nondischargeable under 11 U.S.C. § 523(a)(6). Contrary to the Defendant's assertion, a debt exempted from discharge for willful and malicious injury includes punitive damages as well as attorney fees that arise as a result of that injury. *See Cohen v. de la Cruz*, 523 U.S. 213, 219-20 (1998); *Pettey v. Belanger ex rel. Belanger*, 232 B.R. 543,

4

548 (D. Mass. 1999). Therefore, if the housing court judgment is not dischargeable, the legal fees awarded as part of the judgment are not dischargeable.

The Defendant's final argument gets to the crux of the Plaintiff's motion for summary judgment, whether the housing court judgment establishes, as a matter of law, that the debt to the Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6) as a debt for a "willful and malicious" injury. Section 523(a)(6) provides that "A discharge…does not discharge an individual debtor from any debt…for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The elements, therefore, are that "(1) the Debtor caused the injury; (2) the Debtor's actions were malicious; and (3) the Debtor's actions were willful." *In re Smith*, 270 B.R. 544, 548 (Bankr. D. Mass. 2001).

The Plaintiff urges the Court to give collateral estoppel effect to the housing court judgment and find that the judgment satisfies the elements of Section 523(a)(6). In *In re Smith*, 270 B.R. 544 (Bankr. D. Mass. 2001), this Court was faced with an analagous situation. A plaintiff who had won a judgment in a sexual harassment suit brought pursuant to M.G.L. ch.151B sought to exempt the judgment from discharge pursuant to 11 U.S.C. § 523(a)(6). Ultimately, the Court held that the judgment was exempt from discharge. The Court began by noting that it could "give collateral estoppel effect to those elements of the [lower court] claim that [were] identical to the elements required for discharge and which were actually litigated and determined in the prior action." *Smith*, 270 B.R. at 548. The Court set forth the standard for giving collateral estoppel effect

> "When there is an identity of the parties in subsequent actions, a party must establish four essential elements for a

5

> successful application of issue preclusion to the later action: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding judgment; and (4) the determination of the issue must have been essential to the judgment."

*In re Smith*, 270 B.R. at 547 (quoting *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 30 (1st Cir. 1994). In the case at hand, as in *Smith*, the elements appear to be easily satisfied. With respect to the third element, the Judgment was entered in January, 2007 and no appeal was taken within the 30 day appeal period, therefore, the judgment is valid and final. In *Smith*, the Court held that the determination of whether the Debtor willfully and maliciously injured the Plaintiff was critical and necessary to the state court decision. *Smith*, 270 B.R. at 548. As discussed below, a violation of M.G.L. ch. 151B, §§ 4(10) and 4(7B) requires a finding of intent sufficient to constitute "willfulness" and "maliciousness" under 11 U.S.C. § 523(a)(6). In this case, the housing court judgment also establishes that the Defendant injured the Plaintiff by his discriminatory housing practices. Therefore, the issue in the case at hand is the same as in the housing court and the determination of the issue was essential to the judgment. There is no dispute as to whether the issue was actually litigated or that there is an identity of parties. The Court, therefore, will give collateral estoppel effect to the judgment of the housing court for the purposes of determining whether the violation of Section 151B was a "willful and malicious" injury under 11 U.S.C. § 523(a)(6).

Having determined that the housing court judgment will be given collateral estoppel effect, the Court must determine whether the judgment satisfies the elements of Section 523(a)(6). The first element is whether an injury was suffered by the Plaintiff.

6

The Plaintiff cites to *In re Jones*, 300 B.R. 133, 139 (1st Cir. BAP 2003), a case dealing with the exemption from discharge of a judgment in a sexual harassment case, where the BAP for the First Circuit held that "harm was suffered by the Appellee because the Appellant unjustifiably disregarded her right to be free from sexual harassment" under MGL ch. 151B.  Similarly, in the case at hand, Defendant unjustifiably disregarded the Plaintiff's right to be free from discrimination in her housing search.  Further, the Plaintiff points to *Lipchitz v. Raytheon Co.*, 434 Mass. 439 (2001) in which the court held that a plaintiff must prove "membership in a protected class, harm, discriminatory animus, and causation" to establish a claim for sex discrimination under 151B.  Although the cases cited by the Plaintiff regarding the elements required to be proven deal with sex and gender discrimination, this Court is persuaded that the housing discrimination section of 151B is sufficiently analogous to conclude that the same elements are required.[1]  Therefore, the Plaintiff had to have established harm, an injury, to have prevailed in the housing court.

A willful injury is one that is inflicted "either with the intent to cause the harm complained of, or in circumstances in which the harm was certain or almost certain to result from the debtor's act."  *Id.*  "Nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."  *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original).  Here, the Plaintiff argues convincingly based on *Lipchitz* that a prerequisite to the court's finding a violation of

---

[1] Mass. Gen. Laws ch. 151B, § 4(a) provides that "It shall be an unlawful practice ... [f]or an employer ... because of the ... sex ... of any individual to refuse to hire or employ or to bar or to discharge from employment such individual, or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification."

7

M.G.L. ch. 151B is discriminatory animus. Discriminatory animus requires a finding that the Debtor "acted with a discriminatory intent, motive or state of mind." *Lipchitz*, 434 Mass. at 504. This Court finds that the "intent, motive or state of mind" required under M.G.L. ch. 151B, §§ 4(10) and 4(7B) is sufficient to constitute "willfulness" for Section 523(a)(6) purposes. The Defendant "discriminate[ed] against [the Plaintiff] because she was a recipient of Section 8 rental assistance" and "ma[de] a statement indicating a preference not to rent to recipients of Section 8 rental assistance." (Verdict Sheet ¶¶ 1-2). Discrimination is "the effect of a law or established practice that confers privileges on a certain class or that denies privileges to a certain class because of race, age, sex, nationality, religion, or handicap." Black's Law Dictionary 500 (8th ed. 2004). The Defendant, as a result of the Plaintiff's receipt of public assistance, denied her the privilege of being considered for housing. In this case, the Plaintiff's act of discrimination illustrates an intent to injure the Defendant by depriving her of housing. The discrimination *per se* constituted an intent to injure because the conduct could serve no other purpose. Because the Defendant intended to discriminate and the discrimination itself constituted an injury to the Plaintiff, the housing court judgment establishes that the Defendant's actions were willful.

A malicious act is one that is committed "without just cause or excuse, in conscious disregard of one's duty." *Smith*, 270 B.R. at 549 (quoting *Printy v. Dean Witter Reynolds, Inc.*, 110 F.3d 853, 859 (1st Cir. 1997)). Punitive damages can be awarded "if the defendant's conduct was found to be "outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Dartt v. Browning-Ferris Indus., Inc.*, 691 N.E. 2d 526 (Mass. 1998) (quoting Restatement

8

(Second) of Torts § 908(2) (1979)).  The standard for malice and the standard for punitive damages are similar, although the standard for punitive damages seems to require an elevated level of evil motive or indifference.  The jury's award of punitive damages, therefore, suffices for a finding of malice.  With respect to the "malicious" element of Section 523(a)(6), the Court in *Smith* indicated that "punitive damages are indicative of a willful and malicious injury which preclude discharge of the debt."  *Smith* 270 B.R. at 549 (quoting *In re Ludwig*, 220 B.R. 129, 133 (Bankr. M.D. Fla. 1998)).  This Court relied upon a punitive damages award in *Smith* in finding that the conduct underlying the sexual harassment judgment was "malicious" for Section 523(a)(6) purposes.  *Smith*, 270 B.R. at 549.  Similarly, the punitive damages award here is sufficient for a finding of maliciousness.

**CONCLUSION**

Because the housing court judgment establishes that the Defendant caused the Plaintiff an injury and that the Defendant's actions were willful and malicious, the Court hereby GRANTS the Plaintiff's Motion for Summary Judgment as to Count I and DENIES the Defendant's request for summary judgment as to Count I.

A separate order shall issue.

Dated: February 11, 2008                                By the Court,

                                                        *Joel B. Rosenthal*
                                                        _____
                                                        Joel B. Rosenthal
                                                        United States Bankruptcy Judge

9